**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0182n.06
Filed: March 10, 2005

No. 04-5401

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **ROBERT GARY RYAN,** | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

BEFORE:     **MERRITT and ROGERS, Circuit Judges; and DUPLANTIER,** [*] **District Judge**

  **MERRITT, Circuit Judge.**  In this direct criminal appeal, the defendant Ryan raises two inter-related sentencing issues:  (1) that the District Court factually erred in making a four-level upward adjustment when it found at sentencing that Ryan perpetrated a felony assault with a firearm and that the assault was not justified by self-defense, and (2) that the case should be remanded for re-sentencing under *United States v. Booker*, 125 S. Ct. 738 (2005),  which holds (a) that the Sixth Amendment prohibits judicial findings of fact (other than with respect to prior convictions) that necessarily result in an upward adjustment to the sentence, and (b) that the Federal Sentencing Guidelines must be regarded as creating an "indeterminate" sentencing system in which the

---

[*] The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Guidelines are only advisory. We conclude that the case must be remanded for re-sentencing under the rule established in the *Booker* case because the mandatory upward adjustment imposed by the District Court was "plain error."

**I.**

Ryan was indicted for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (criminalizing possession of a firearm by a felon and establishing a ten year maximum sentence for violations) by being a felon in possession of a firearm (a .357 revolver) after committing the three felonies listed in the indictment. Ryan entered a plea of guilty and received a sentence of 64 months imprisonment after receiving a four-level relevant conduct enhancement under Guidelines § 2K2.1(b)(5) ("if the defendant used or possessed any firearm . . . in connection with another felony offense . . . increase by four levels"). The enhancement resulted from Ryan's use of a firearm in connection with a fourth felony assault offense, which was pending in the Jefferson County Circuit Court in Louisville, Kentucky, at the time of the federal sentencing hearing in this case on March 18, 2004. At the sentencing hearing, Ryan's counsel did not admit the fourth assault offense but said that "he [Ryan] is going to claim as a defense in the state court [self-defense] and that is why we are saying that this wasn't a felony . . . and he has not committed a felony with respect to the firearm."

The clerk's office for the State Circuit Court in Louisville now advises that Ryan pled *nolo contendere* on September 29, 2004, to the assault charge and received a sentence of eight years imprisonment. He entered this *nolo* plea apparently in order not to admit the assault and to preserve his claim in federal court that the upward adjustment should be set aside. Therefore, he did not in

fact make a claim of self-defense in the state court but simply entered a *nolo* plea neither admitting nor denying the offense.

Section 2K2.1, application note 4, states that "felony offense . . . means any offense (federal, state or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or a conviction obtained." Without taking evidence from witnesses, the District Court (based on statements of counsel and information contained in the pre-sentence report) found by a preponderance of the evidence that the facts proved the assault case pending in state court and did not prove self-defense. The District Court, to that extent, decided the state criminal case as relevant conduct under § 2K2.1(b)(5). Believing itself bound to do so, the Court increased the offense level by four levels, which had the effect of increasing the permissible range of sentencing by approximately 18 months.

## II.

The first claim is that the District Court erred factually in rejecting the self-defense claim. This pre-*Booker* claim contests the findings of fact leading to the four-level enhancement under § 2K2.1(b)(5). The second claim is that *Booker* prohibits such factfinding and requires that the case be remanded for re-sentencing. The government concedes that the District Court's treatment of the guidelines as mandatory violated the rule of *Booker*, but argues that there is not "plain error" in this case because "the evidence is 'overwhelming' that Ryan possessed and used a firearm in connection with another felony" and that, therefore, a "remand for re-sentencing is unnecessary." The government argues that Ryan has not carried his burden of showing that the Sixth Amendment error establishes "prejudice" and hence "plain error."

In the first few days after the Supreme Court handed down the *Booker* opinion, two different panels of our Court reached conflicting conclusions on the question of when the Court should remand pending cases for re-sentencing once it is clear that a Sixth Amendment *Booker* violation has occurred. The two panels placed different interpretations on the "plain error" standards established by the Supreme Court in *Johnson v. United States*, 520 U.S. 625 (1997). In *United States v. Oliver*, No. 03-2126, 2005 WL 233779 (6th Cir. Feb. 2, 2005), the Court concluded that a case should be remanded if it is "arguable" that the defendant received a longer sentence than would be the case if the sentencing court exercised the broader discretion that *Booker* requires. The *Oliver* court said that "we would be usurping the discretionary power granted to the District Courts in *Booker* if we were to assume that the District Court would have given [a defendant] the same sentence post-*Booker* . . . ." On the other hand, in *United States v. Bruce*, 396 F.3d 697 (6th Cir. 2005), a different panel of our Court refused to remand for re-sentencing. It concluded that a defendant must carry the burden of proving prejudice in order to show that the error seriously affects the "integrity of the judicial proceedings" or affects "substantial rights." If the invalid upward adjustment was based on "uncontroverted" or "overwhelming" facts, the required showing would be absent.

Subsequent cases have followed the principles of the *Oliver* case rather than shifting the burden of proof to the defendant, as in the *Bruce* case. *See United States v. McDaniel*, Nos. 03-1940, 03-2073, 2005 WL 366899 (6th Cir. Feb. 17, 2005); *United States v. Milan*, Nos. 02-6245, 02-6302, 2005 WL 309934 (6th Cir. Feb. 10, 2005); *United States v. Barnett*, No. 04-5252, 2005 WL 357015 (6th Cir. Feb. 16, 2005). Moreover, § 3742(f)(1), Title 18, states: "If the Court of

Appeals determines that . . . the sentence <u>was</u> <u>imposed</u> <u>in</u> <u>violation</u> <u>of</u> <u>law</u> or imposed as a result of an incorrect application of the Sentencing Guidelines, <u>the</u> <u>Court</u> <u>shall</u> <u>remand</u> <u>the</u> <u>case</u> for further sentencing proceedings with such instructions as the Court considers appropriate" (emphasis added).

Under our Court's current precedents, the mandatory upward adjustment imposed by the District Court was "plain error." Accordingly, we reverse the sentence imposed pre-*Booker* and remand for re-sentencing in light of the *Booker* opinion.